the various counties in the state through which the railroad runs.

We have reached these conclusions with great hesitation, and the more because we have found that we differ, in some respects, from the opinion of the supreme court in this state, but the consequences to the property and rights of non-residents by the action of the board of equalization are so very grave, and the injustice, to use no harsher term, which has been done to the property and rights of non-residents has been so great that we feel we cannot, consistent with our own sense of duty, yield our convictions to the opinion of the supreme court of this state, until the supreme court of the United States shall say that we must do so; and it has been mainly with the view of giving the parties who may desire it, the opportunity to test the sense of the latter tribunal, that we have come to the conclusion that we shall sustain the injunctions which have been awarded in the various cases before us.

## Case No. 7,301.

### The JEUNE EUGENIE.

## Case No. 7,302.

### In re JEWELL et al.

[19 N. B. R. 383.] [1]

District Court, S. D. New York.   June 25, 1879.

[1] [Reprinted by permission.]

Jacob F. Miller, for petitioner.
Chas. W. Marsh, for opposing creditors.

CHOATE, District Judge. The bankrupts were lessees of a building for the purpose of carrying on the business of manufacturing lard oil and perfuming lard, under a written lease, which permitted them "to make such alterations to the building requisite to said business, subject nevertheless to the clause here following." The clause referred to was "and at the expiration of the said term, the said party of the second part will quit and surrender the premises hereby demised in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted." I think the true construction of these two clauses is, that if alterations were made which affected injuriously the state and condition of the building as it was before making the alterations, it should, at the expiration of the lease, be restored to its former condition in respect to the changes so made. I do not see how otherwise any meaning is given to the words "subject nevertheless to the clause here following." The lessor permits any alterations, however injurious, that the lessees may find "requisite to the business." The parties do not attempt to specify in advance what such alterations shall be, but, to secure the lessor against loss in the working of this license, he expressly provides that notwithstanding such alterations "the premises hereby demised,"—that is, the building substantially as it then was—should be surrendered at the expiration of the term in the same state and condition, reasonable use and damage of the elements alone excepted. The construction contended for by the opposing creditors, that the covenant is only to surrender the premises as they may be altered in good state and condition, seems not to me to give full effect to all parts of the instrument, nor consistent with the intent of the parties appearing therein. The fact that, in anticipation of the expiration of the lease, the lessors relet the building to a tenant whose business was such as to make the building, as altered, convenient for him, seems not to affect or impair the cause of action which the lessor has against the bankrupts for breach of the covenant. The lessees were, as the lessor knew, disabled by their bankruptcy from performing their covenant, and he did not waive any rights by letting the premises to a tenant who happened to want them as they were. It is not for the bankrupts who have broken their covenant to say to the lessor in excuse: "You do not need the restoration of the building to its former condition, which we agreed to make, for your present use of it." Nor is it material whether the lessor has got in fact as good a rent for it in its altered condition as he would probably have got for it if restored. If this is so, it is his good fortune, and there is no reason why it should inure to the benefit of the former lessees. The ques-